UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUNE GEMINI LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:13-CR-37(12) |
| ) | 2:16-CV-329 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant to 28 U.S.C. § 2255," [Doc. 667],[1] filed by June Gemini Lopez ("Lopez" or "petitioner"). Petitioner filed a supplement to her § 2255 motion on March 27, 2017. [Doc. 677]. The United States has responded in opposition, [Doc. 715]. The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be **DENIED**.

### I. FACTUAL BACKGROUND

A sealed eight-count superseding indictment was filed on June 11, 2013, [Doc. 55], charging petitioner and 13 co-defendants with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A) (Count One). Some of petitioner's co-defendants were charged in the

---

[1] All references are to docket entries in Case No. 2:13-CR-37 unless otherwise indicated.

remaining counts of the indictment with additional drug offenses, (Counts Two-Six), as well as possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Seven), and money laundering in violation of 18 U.S.C. § 1956(h) (Count Eight).

A plea agreement was filed on September 24, 2013, [Doc. 135], in which petitioner agreed to plead guilty to the lesser included offense of Count One, that is, conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base ("crack"). Petitioner's change of plea hearing was held November 1, 2013. Following multiple continuances, petitioner's sentencing hearing was held on March 11, 2015. Petitioner was sentenced to 78 months of imprisonment to be followed by an 8 year term of supervised release. [Doc. 572]. Petitioner's judgment was entered on March 23, 2015. Petitioner's instant motion to vacate was filed on October 25, 2016. [Doc. 667]. Petitioner refiled the motion with only slight variations on March 27, 2017. [Doc. 677].

**II.    STANDARD OF REVIEW**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III.    ANALYSIS

Petitioner's sole claim in her § 2255 motion is that she is entitled to a "sentence reduction pursuant to the retroactive [A]mendment 794." [Doc. 667 at 1]. Amendment 794 clarifies when a

3

defendant may be eligible for a minor-role reduction, requiring that courts consider whether a defendant engages in activity "that makes him substantially less culpable than the average participant." USSG app. C, amend. 794 (2015). Petitioner argues that she is "'substantially less culpable' than the co-defendants [in] her case" because she was "a user[,] not a dealer." [Doc. 667 at 2]. In response, the government argues that petitioner's claim is untimely, precluded by the waiver provision in her plea agreement, and substantively without merit, as Amendment 794 has not been designated as a retroactive amendment by the U.S. Sentencing Commission. [Doc. 715].

First, the Court must determine whether petitioner's § 2255 petition is timely filed. 28 U.S.C. § 2255 provides, in relevant part:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental actions;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). There is no dispute that petitioner's § 2255 petition was filed over a year after her judgment became final. Since the judgment of conviction was entered on March 23, 2015, the judgment became final when the defendant's right to appeal his sentence expired, that is, April 6, 2015. Petitioner's motion to vacate pursuant to § 2255 was not filed until October 25, 2016, nearly a year and a half after the judgment became final.

Petitioner, however, attempts to demonstrate that her motion is proper pursuant to the enumerated paragraph (3), above. Petitioner requests a sentence reduction "pursuant to the retroactive [A]mendment 794 to the U.S.S.G. specified under *United States v. Quintero-Leyva*, [823 F.3d 519 (9th Cir. 2016)] and pursuant to 28 U.S.C. § 2255." [Doc. 667]. Petitioner is correct that on November 1, 2015, Guideline § 3B1.2 (pertaining to the mitigating role adjustment) was modified by Amendment 794. *See* USSG app. C, amend. 794 (2015). This Amendment therefore went into effect after petitioner was sentenced. However, as discussed below, Amendment 794 has not been made retroactive by the Supreme Court, and therefore renders petitioner's motion untimely and her claim without merit.

Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c). First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

As noted above, § 3582(c) authorizes a reduction for a defendant "who has been resentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ., if such a reduction is consistent with

5

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a) provides that the court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, 839 F.3d 524, 529 (2016). Because Amendment 794 is not listed in USSG § 1B1.10(d), it does not apply retroactively under § 3582(c)(2). *See United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("if no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range', then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing USSG § 1B1.10(a)(2)(B)). Amendment 794 has also not been held to be retroactively applicable for cases on collateral review by the Supreme Court.

Petitioner argues that *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) applies to her case and allows for retroactive application of Amendment 794. However, the Ninth Circuit held only that Amendment 794 applied retroactively on direct appeal. *See Johnson v. United States*, 2016 WL 6084018 at *2 (S.D. Ohio Oct. 17, 2016) (finding that *Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not."). Petitioner's § 2255 motion seeks collateral review of her sentence, and therefore *Quintero-Leyva* does not apply to her case. Petitioner's argument that she is entitled to a sentence reduction pursuant to Amendment 794 is without merit.

Petitioner's argument for a minor role reduction under Amendment 794 is her only claim for relief in her § 2255 petition. In her accompanying letter,[2] she requests that the Court appoint

---

[2] Petitioner's letter attached to her § 2255 motion also explains that a detainer issued by Sullivan County is preventing her from receiving a sentence reduction for participating in the Residential Drug Abuse Program ("RDAP"), and from receiving placement in a halfway house. This Court, however, has no jurisdiction to provide relief to the petitioner in this matter, as it is clearly settled that after a defendant is sentenced, the Bureau of Prisons,

her counsel as she pursues her claim. However, a defendant's constitutional right to counsel does not extend to postconviction collateral attacks. *See Pennsylvania. Finley*, 481 U.S. 551, 555 (1990); *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969). Further, petitioner's sole claim does not state a claim for relief that the Court can grant and is meritless. For those reasons, petitioner's request for appointment of counsel is likewise **DENIED.**

IV. **CONCLUSION**

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 667], will be **DENIED** and her motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

---

not the district judge, has authority to determine when a sentence is deemed to commence, whether defendant should be awarded credit for good time, and the place of confinement. 18 U.S.C. §§ 3585(a) and (b), 3621(b), 3624(b). These statements in petitioner's letter do not relate to her claim for relief under § 2255, and do not raise a claim under which the Court can provide relief.

assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE